## The People of the State of Illinois, Defendant in Error, v. Louis Cohen, Plaintiff in Error.

### Gen. No. 17,704.

1. JURY—*may be waived in petit larceny.* By virtue of an act in force May 29, 1911, amending section 7 of division 2 of the act in relation to criminal jurisprudence, petit larceny is eliminated as an infamous crime, and the court has jurisdiction to try a case where a jury is waived.

2. JURY—*when statute does not preclude waiver of jury trial.* The act in force May 29, 1911, amending section 7 of division 2 of the act in relation to criminal jurisprudence, eliminating petit larceny as an infamous crime permits a petit larceny case to be tried without a jury where the accused was indicted May 18, 1911, and convicted and sentenced June 5, 1911.

3. JURY—*when penalty on second conviction does not affect waiver of jury trial.* That a person is punished by imprisonment in the penitentiary on a second conviction of petit larceny does not attach to a first conviction a penalty additional to that of fine and imprisonment, otherwise than in the penitentiary, that will preclude a first offender from waiving a trial by jury.

4. JURY—*prohibition of imprisonment for nonpayment of money without jury trial does not preclude a waiver.* The act of 1893 (Starr & C. vol. 1, p. 1410, par. 631), prohibiting imprisonment for nonpayment of money without a jury trial, cannot be construed to restrict the right to waive a trial by jury to cases punishable by fine only.

Error to the Criminal Court of Cook county; the Hon. GEORGE KERSTEN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed July 23, 1912.

CHARLES E. ERBSTEIN, for plaintiff in error.

JOHN E. W. WAYMAN, for defendant in error; ZACH HOFHEIMER, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

The plaintiff in error was convicted of petit larceny, on a trial before the court without the intervention of a jury, trial by which was duly waived.

Relying upon the case of People v. Russell, 245 Ill. 268, in which it was held that petit larceny being an infamous offense must be prosecuted by indictment, and, therefore, tried before a court and jury, his counsel contends that the court was without jurisdiction to try the case without a jury.

There was evidently a failure to notice that an act in force May 29, 1911, amending section 7 of division two of the act in relation to criminal jurisprudence, eliminated petit larceny from the crimes deemed infamous, and thus placed it in the class of cases which could be prosecuted by information and tried without a jury.

Said act applied to all persons charged with petit larceny who had not been previously convicted and sentenced therefor, and while plaintiff in error was indicted May 18, 1911, he was not convicted and sentenced until June 5, 1911; hence his case was one triable by a court without the intervention of a jury.

It is further contended that inasmuch as a person is punished by imprisonment in the penitentiary on a second conviction of petit larceny, when the first conviction is alleged in the indictment and proven, there attaches to a first conviction a penalty additional to that of fine and imprisonment otherwise than in the penitentiary, and the offense therefore cannot be tried without a jury. There is no force in this contention. The punishment prescribed by statute is simply con-

finement in the jail or work-house and a fine. Surely one cannot be heard to claim a legal benefit because he may some time in the future commit the same kind of an offense again.

Equally untenable is the contention that the Act of 1893 (Starr & Curtis's Stats. Vol. 1, P. 1410, Par. 631), restricts the right to waive a trial by jury to a class of cases punishable by fine only. The statute in question admits of no such construction. Sloncen v. People, 58 Ill. App. 315.

The judgment of the Criminal Court is affirmed.

*Affirmed.*