RONALD R. COLES, Plaintiff-Appellant, *v.* DENNIS P. RYAN, State's Attorney of Lake County, Defendant-Appellee.

Second District  No. 80-193

Opinion filed December 24, 1980.

William C. Marlatt, Jr., of Lake Forest, for appellant.

Dennis P. Ryan, State's Attorney, of Waukegan (Marc P. Seidler, Assistant State's Attorney, of counsel), for appellant.

Mr. JUSTICE NASH delivered the opinion of the court:

In this appeal we consider whether the failure of the legislature to provide for the restoration of eligibility of one convicted of an infamous crime to hold a nonconstitutional office after the completion of sentence, while restoring eligibility to hold an office created by the constitution, is a violation of the equal protection clause of the fourteenth amendment to the United States Constitution.

On March 26, 1976, plaintiff Donald R. Coles was convicted of extortion in violation of 18 U.S.C. §1951 (1976) in the United States District Court for the Northern District of Illinois and was sentenced to

probation for a period of three years. At the time of his conviction Coles was a supervisor of Lake Villa Township in Lake County and his office was declared vacant by reason of the conviction. On June 23, 1976, however, while still serving his Federal sentence, Coles was appointed by the Lake Villa Town Board of Auditors to serve his own unexpired term as supervisor. The Lake County State's Attorney thereupon instituted a *quo warranto* proceeding against him in the circuit court, and on February 10, 1977, a judgment of ouster was entered removing him from office. Subsequently, on April 5, 1977, an election was held, and Coles was elected township supervisor. The State's Attorney again brought *quo warranto*, and on May 4, 1977, a second order of ouster was entered against Coles. This court in a consolidated opinion affirmed both orders in *People ex rel. Ryan v. Coles* (1978), 64 Ill. App. 3d 807, 381 N.E.2d 990.

Coles was released from probation by the Federal district court on November 17, 1978, and thereby completed his sentence. He requested an opinion from the Lake County State's Attorney as to whether he could now hold office as township supervisor and was advised that he remained ineligible to hold public office. Coles then commenced the present action for declaratory judgment in the circuit court on July 5, 1979, seeking declaration that he was eligible to hold public office as he had completed his sentence. In reliance on our earlier opinion, the trial court granted defendant's motion to dismiss this action on December 20, 1979, and Cole appeals.

Consideration of the constitutional and statutory provisions governing the effect of a criminal conviction on one's qualifications to hold a public office is necessary to evaluate plaintiff's present contention he is being denied equal protection of the law.

Under article XIII, section 1 of the Constitution of 1970, persons convicted of certain offenses are ineligible to hold constitutional office:

> "A person convicted of a felony, bribery, perjury or other infamous crimes shall be ineligible to hold an office created by this Constitution. Eligibility may be restored as provided by law."

By section 29—15 of the Election Code (Ill. Rev. Stat. 1977, ch. 46, par. 29—15), the legislature has provided for restoration of eligibility to hold office in these terms:

> "Any person convicted of an infamous crime as such term is defined in Section 124—1 of the Code of Criminal Procedure of 1963, as amended, shall thereafter be prohibited from holding any office of honor, trust, or profit, unless such person is again restored to such rights by the terms of a pardon for the offense or otherwise according to law."

Sections 5—5—5(a), (b) and (c) of the Unified Code of Corrections (Ill.

Rev. Stat. 1977, ch. 38, par 1005—5—5(a), (b) and (c)) also refer to the effect of a conviction upon a person's qualification to hold office:

> "(a) Conviction and disposition shall not entail the loss by the defendant of any civil rights, except under this Section.
>
> (b) A person convicted of a felony shall be ineligible to hold an office *created by the Constitution* of this State until the completion of his sentence.
>
> (c) A person sentenced to imprisonment shall lose his right to vote until released from imprisonment." (Emphasis added.)

In our earlier opinion we held[1] that the office of township supervisor is not an office created by the constitution, but rather is a creation of legislative enactment (*People ex rel. Ryan v. Coles* (1978), 64 Ill. App. 3d 807, 811, 381 N.E.2d 990, 993; see Ill. Const. 1970, art. VII, §5; Ill. Rev. Stat. 1975, ch. 139, par. 60). It is apparent, therefore, neither article XIII, section 1 of the 1970 constitution, nor section 5—5—5(b) of the Unified Code of Corrections, operates to disqualify plaintiff from now holding office or to restore his eligibility for such office. Coles' conviction under 18 U.S.C. §1951 (1976) for an "infamous crime" (*People ex rel. Ryan v. Coles*), however, disqualifies him pursuant to section 29—15 of the Election Code from holding office unless he is again "restored to such rights by the terms of a pardon for the offense or otherwise according to law."

It appears there are two statutory standards governing restoration of eligibility of persons convicted of infamous crimes to hold office in this State: eligibility to hold a constitutional office is restored by operation of law by section 5—5—5(b) of the Unified Code of Corrections on completion of sentence, while eligibility to hold an office created by the legislature is not restored, even after completion of sentence unless the person has been pardoned for the offense and the terms of the pardon provide for such restoration. Section 29—15 of the Election Code also provides that eligibility to hold office may be restored "otherwise according to law" (Ill. Rev. Stat. 1979, ch. 46, par. 29—15); however, this provision can refer only to section 5—5—5(b), which applies only to an office created by the constitution.[2]

---

[1] Since Coles was still serving his sentence at the time of those appeals, we were not presented with the issue of the effect completion of his sentence might have upon restoration of his eligibility to hold office.

[2] Prior to 1973, Illinois had only one statutory standard governing restoration of rights following a criminal conviction. Under section 124—2 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1967, ch. 38, par. 124—2), only the terms of a pardon could restore eligibility to hold office to one convicted of an infamous crime. (*People ex rel. Symonds v. Gualano* (1970), 124 Ill. App. 2d 208, 260 N.E.2d 284.) Section 124—2 was repealed by Pub. Act 77-2097, section 8—5—1, and section 5—5—5 of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—5—5) was enacted in its place. Section 124—2 was re-enacted with minor modifications as section 29—15 of the Election Code by Pub. Act 78-887, §1.

The constitutional and statutory scheme thus leads to the anomalous result that Coles is eligible to hold such constitutional offices as governor, judge or attorney general upon completion of his sentence but, until pardoned, he remains ineligible to hold the office of township supervisor or any other office created by the legislature.

Before we can consider whether plaintiff has been denied the equal protection of the laws, we must first determine whether the statutes in question are to be considered under traditional equal protection principles or by the more rigorous analysis applicable to legislative classifications affecting fundamental rights. Under a traditional equal protection analysis, a legislative classification will be sustained if it is rationally designed to further a legitimate State interest (*Hoskins v. Walker* (1974), 57 Ill. 2d 503, 315 N.E.2d 25; *People v. Perine* (1980), 82 Ill. App. 3d 610, 402 N.E.2d 847). In such cases, there is a presumption in favor of the validity of the legislative classification, and it will not be set aside if any state of facts reasonably may be conceived to justify it. (*Hoskins v. Walker*; *Friedman & Rochester, Ltd. v. Walsh* (1977), 67 Ill. 2d 413, 367 N.E.2d 1325.) The burden is then on the party challenging the classification to establish its invalidity by showing it to be unreasonable or arbitrary. (*Hoskins v. Walker*; *People v. Perine*; *Friedman & Rochester, Ltd. v. Walsh*.) If the classification affects fundamental rights, however, there is no presumption of constitutionality, and the classification will be sustained only if justified by a compelling State interest. (*Hoskins v. Walker*.) Identification of the interest or right affected by the legislative classification thus determines the appropriate level of scrutiny.

■■ It has been held that neither the right to participate in political activity nor the right to hold a public office is absolute. (*Hoskins v. Walker*; *United States Civil Service Com. v. National Association of Letter Carriers* (1973), 413 U.S. 548, 37 L. Ed. 2d 796, 93 S. Ct. 2880.) Clearly, the right to vote is fundamental (*Anderson v. Schneider* (1977), 67 Ill. 2d 165, 365 N.E.2d 900), and, while the effect of statutes on the rights of candidates for office cannot be easily separated from their impact on the rights of voters (*Anderson v. Schneider*), neither the right of governmental employment nor the right to run for elective office is fundamental. (*Trafelet v. Thompson* (7th Cir. 1979), 594 F.2d 623, *cert. denied* (1979), 444 U.S. 906, 62 L. Ed. 2d 142, 100 S. Ct. 219; *Strobeck v. Illinois Civil Service Com.* (1979), 70 Ill. App. 3d 772, 388 N.E.2d 912.) We conclude, therefore, the traditional equal protection analysis is to be applied in this case. See also *Butts v. Nichols* (S.D. Ia. 1974), 381 F. Supp. 573.

As we have noted, a statutory distinction has been drawn between persons convicted of an infamous crime who seek to hold an office created by the legislature and those convicted of an infamous crime who

seek to hold a constitutionally created office. Other than arguing generally that this subject is within the province of the legislature, defendant has not suggested a rational basis in support of the requirement that to hold an office created by the legislature such a person must obtain a pardon to be restored to eligibility, while those who would hold a constitutional office are eligible upon completion of their sentence.

■■ ■ It is clear that disqualification of those persons convicted of infamous crimes from holding either a legislatively created or constitutionally created office is a reasonable means of furthering the legitimate State interest in safeguarding the honesty and integrity of those who exercise governmental power. (See *People ex rel. Ryan v. Coles* (1978), 64 Ill. App. 3d 807, 381 N.E.2d 990.) There is no rational basis apparent to us, however, for distinguishing between these offices for purposes of restoration of eligibility. Placing more burdensome requirements on restoration of eligibility for an office created by the legislature is an arbitrary classification and does not rationally further any legitimate State interest. (See *Fashing v. Moore* (W.D. Tex. 1980), 489 F. Supp. 471, 475.) We conclude plaintiff has been denied equal protection of the laws in violation of the fourteenth amendment to the United States Constitution.

For these reasons the judgment of the Circuit Court of Lake County is reversed and pursuant to Supreme Court Rule 366(a)(5) (Ill. Rev. Stat. 1979, ch. 110A, par. 366(a)(5)) we enter judgment that plaintiff is eligible to hold office.

Reversed.

SEIDENFELD, P. J., and LINDBERG, J., concur.