THE PEOPLE *ex rel.* CITY OF KANKAKEE, Plaintiff-Appellee, *v.* JOSEPH MORRIS, Defendant-Appellant.

Third District   No. 3—83—0705

Opinion filed June 29, 1984.

Michael R. Berz and Debra K. Smietanski, both of Berz & Smietanski, of Kankakee, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (William H. Taube, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:

The State's Attorney brought this *quo warranto* action on behalf of the city of Kankakee to remove defendant Joseph Morris from his elected office as alderman of the city. The trial court granted summary judgment in favor of the People, and defendant appeals. At issue is whether an alderman can be ousted from office for a felony theft conviction when he is sentenced to probation.

On April 12, 1983, defendant was elected alderman for the seventh ward of Kankakee. On May 3, he pleaded guilty to theft under sections 16—1(a) and 16—1(e)(3) of the Criminal Code of 1961. (Ill. Rev. Stat. 1983, ch. 38, pars. 16—1(a), 16—1(e)(3).) The theft involved defendant's unlawful participation in the Federal food stamp program. Defendant was sentenced to 18 months' probation.

On June 2, the State's Attorney filed this action alleging defendant's conviction disqualified him from holding office. Both parties filed summary judgment motions, and on November 1 the trial court

granted the People's motion. The court held defendant had been convicted of an infamous crime, thereby creating a vacancy in his office.

Under section 3—4—14 of the Illinois Municipal Code, a vacancy occurs in the office of alderman by reason of his conviction of a "disqualifying crime." (Ill. Rev. Stat. 1983, ch. 24, par. 3—4—14.) "Disqualifying crime" is not defined. Under section 25—2 of the Election Code, however, an elective office becomes vacant upon the incumbent's conviction for an infamous crime. (Ill. Rev. Stat. 1983, ch. 46, par. 25—2.) Section 29—15 adds:

> "Any person convicted on an infamous crime as such term is defined in Section 124—1 of the Code of Criminal Procedure of 1963, as amended, shall thereafter be prohibited from holding any office of honor, trust, or profit, unless such person is again restored to such rights by the terms of a pardon for the offense or otherwise according to law." (Ill. Rev. Stat. 1983, ch. 46, par. 29—15.)

Section 124—1 of the Code of Criminal Procedure of 1963 states:

> " 'Infamous crimes' are the offenses of arson, bigamy, bribery, burglary, deviate sexual assault, forgery, incest or aggravated incest, indecent liberties with a child, kidnaping or aggravated kidnaping, murder, perjury, rape, robbery, sale of narcotic drugs, subornation of perjury, and theft if the punishment imposed is imprisonment in the penitentiary." Ill. Rev. Stat. 1983, ch. 38, par. 124—1.

Additionally, article XIII, section 1, of the constitution states:

> "A person convicted of a felony, bribery, perjury or other infamous crime shall be ineligible to hold an office created by this Constitution." (Ill. Const. 1970, art. XIII, sec. 1.)

The constitution did not create the office of alderman. Thus, the constitutional provision does not directly apply to the present case. (*Coles v. Ryan* (1980), 91 Ill. App. 3d 382, 384, 414 N.E.2d 932, 935.) Every elected official of a local government, however, is also ineligible to hold office if convicted of an infamous crime, as understood in section 1 of article XIII. (Ill. Rev. Stat. 1983, ch. 102, par. 120.) The definition of infamous crime under the constitution, therefore, is applicable to this case.

Defendant contends his conviction does not fall into the category of crimes listed under section 124—1 because the punishment imposed for his theft conviction was probation rather than a penitentiary sentence. He concludes he was not convicted of an infamous crime. This argument was rejected in *People v. Hampton* (1972), 5 Ill. App. 3d 220, 282 N.E.2d 469, where the court declared that a convic-

tion for theft is a conviction of an infamous crime if a penitentiary sentence could have been imposed. The court further stated:

> "Failure to impose a penitentiary sentence does not affect the quality of or diminish the seriousness of the offense, and we will not construe Sec. 124—1 to attain that result." 5 Ill. App. 3d 220, 226, 282 N.E.2d 469, 473.

■ Defendant asserts *Hampton* should not be followed because it contradicts the express language of section 124—1. The primary objective in construing a statute is to ascertain and give effect to the legislative intent. (*People ex rel. Keenan v. McGuane* (1958), 13 Ill. 2d 520, 532, 150 N.E.2d 168, 175.) The *Hampton* court held the legislature included the phrase "if the punishment imposed is imprisonment in the penitentiary" merely to distinguish felony theft from misdemeanor theft. The legislature did not intend to leave the determination of whether a crime is infamous solely in the discretion of a sentencing judge.

The history of section 124—1 clearly reveals the intent of the statute. The antecedent to section 124—1 listed larceny as one of the infamous crimes. (Hurd's Rev. Stat. 1909, ch. 38, par. 279.) In *People v. Russell* (1910), 245 Ill. 268, 91 N.E. 1075, the supreme court held petit larceny fell within the statute. The court noted that Illinois law originally made no distinction between petit larceny and grand larceny. Both, therefore, constituted larceny within the meaning of the statute defining infamous crimes according to the court. This ruling led to two undesirable results. First, as an infamous crime, petit larceny could be prosecuted only by indictment. Second, the county courts were deprived of jurisdiction over petit larceny although they had exercised such jurisdiction for many years. 245 Ill. 268, 278, 91 N.E. 1075, 1077.

In response to the *Russell* decision, the legislature amended the statute to include only "larceny, if punishment for said larceny is by imprisonment in the penitentiary." (Hurd's Rev. Stat. 1911, ch. 38, par. 279.) At the time, grand larceny was punishable by imprisonment in the penitentiary, while petit larceny was punishable by a fine and imprisonment in the county jail. (*People v. Russell* (1910), 245 Ill. 268, 275, 91 N.E. 1075, 1076.) The legislature obviously intended to overrule *Russell* and remove petit larceny from the category of infamous crimes. The amendment returned jurisdiction over petit larceny to the county courts and allowed prosecution by information rather than indictment. (*People v. Snyder* (1931), 260 Ill. App. 405; *People v. Waltyn* (1914), 191 Ill. App. 86; *People v. Cohen* (1912), 171 Ill. App. 612.) The language concerning larceny in the statute remained the same

until the 1961 revisions of the Criminal Code when the word "theft" was substituted for "larceny." (Ill. Rev. Stat. 1961, ch. 38, par. 587.) In 1963, the legislature reworded the statute to read as it currently does. Ill. Rev. Stat. 1963, ch. 38, par. 124—1.

The legislature never intended to remove any felony theft conviction from the list of infamous crimes. Infamy arises because of the nature of the crime, not the punishment. (*Werdell v. Turzynski* (1970), 128 Ill. App. 2d 139, 153, 262 N.E.2d 833, 840.) Defendant's conviction, rather than imprisonment in the penitentiary, renders him infamous. (*People ex rel. Latimer v. Randolph* (1958), 13 Ill. 2d 552, 557, 150 N.E.2d 603, 606.) Defendant's conduct, not his sentence, causes the public reaction which leads to infamy.

Defendant maintains *Hampton* does not apply to this case because *Hampton* dealt with the use of a theft conviction for impeachment purposes. He asserts his fundamental rights are at stake here; therefore, the statute must be strictly construed. The expectation of attaining or holding public office, however, is a privilege, not a civil right. (*People ex rel. Ryan v. Coles* (1978), 64 Ill. App. 3d 807, 813-14, 381 N.E.2d 990, 995.) Neither the right to governmental employment nor the right to hold an elective office is fundamental. (*Coles v. Ryan* (1980), 91 Ill. App. 3d 382, 385, 414 N.E.2d 932, 936.) We are more concerned with the public interest in good government and confidence in our public officers than defendant's privilege in holding his office. A conviction for an infamous crime destroys the public confidence in an elected official. (*People ex rel. Keenan v. McGuane* (1958), 13 Ill. 2d 520, 536, 150 N.E.2d 168, 177.) Removal from office for committing an infamous crime is not a punishment. Rather, it is simply a consequence of the officer's failure to meet a condition imposed on him in furtherance of the public interest in good government. *People ex rel. Taborski v. Illinois Appellate Court, First District* (1972), 50 Ill. 2d 336, 341, 278 N.E.2d 796, 799.

Furthermore, section 124—1 alone does not determine what constitutes an infamous crime. Determining if a crime is infamous under the constitution and creates a vacancy in office is not an exclusive legislative function. The determination is subject to judicial decision in light of the common law. (*People ex rel. Keenan v. McGuane* (1958), 13 Ill. 2d 520, 533, 150 N.E.2d 168, 175.) A felony is infamous when it is inconsistent with commonly accepted principles of honesty and decency, or involves moral turpitude. (13 Ill. 2d 520, 534, 150 N.E.2d 168, 176.) Defendant's conduct certainly offends commonly accepted principles of honesty and decency. In effect, he attempted to defraud both the Federal and State governments. His conviction renders him

infamous, and he is ineligible to hold his office.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

GREEN and WEBBER, JJ., concur.