NOTICE
Decision filed 1/31/06. The text of
this decision may be changed or
corrected prior to the filing of a
Petition for Rehearing or the
disposition of the same.

NO. 5-05-0332

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellee, | ) Bond County. |
| | ) |
| v. | ) No. 05-MR-11 |
| | ) |
| KIM E. HOFER, | ) Honorable |
| | ) John Knight, |
| Defendant-Appellant. | ) Judge, presiding. |

_____

JUSTICE DONOVAN delivered the opinion of the court:

Following a hearing on a *quo warranto* complaint filed by the People of the State of Illinois (the State), the circuit court of Bond County ordered that defendant, Kim E. Hofer, be removed from the office of trustee for the Village of Sorento and that he be barred from taking the oath of office or otherwise assuming the office of president of the Board of Trustees of the Village of Sorento on the ground that he was a convicted felon and not eligible for an elective municipal office under section 3.1-10-5(b) of the Illinois Municipal Code (65 ILCS 5/3.1-10-5(b) (West 2002)). On appeal, defendant contends that section 3.1-10-5(b) violates the equal protection clause of the fourteenth amendment to the United States Constitution (U.S. Const., amend. XIV) and is unconstitutional.

I. Facts and Procedural History

In October 1999, defendant was convicted of the offense of driving while license revoked (625 ILCS 5/6-303(a), (d) (West 1998)), a Class 4 felony, in the circuit court of Macoupin County. Defendant was sentenced to a term of probation. He received his discharge from probation on May 27, 2003. On May 11, 1998, defendant was charged in the

1

circuit court of Bond County with felony driving while license revoked. On May 31, 2000, the Bond County circuit court entered a judgment of guilt in the case and sentenced defendant to a one-year term of probation. Defendant was discharged from that probation in June 2001.

In April 2003, defendant was elected to the office of village trustee for the Village of Sorento. It was a four-year term of office. On April 5, 2005, defendant ran for the office of president of the Board of Trustees of the Village of Sorento (President of the Village Board). He won that contest with a plurality of the votes.

On April 7, 2005, the Bond County State's Attorney, on behalf of the State, filed a *quo warranto* complaint pursuant to section 18-101(1) of the Code of Civil Procedure (735 ILCS 5/18-101(1) (West 2004)) in the circuit court of Bond County. In the complaint, the State's Attorney sought orders ousting defendant from the office of village trustee and barring defendant from taking the oath of office and assuming the office of President of the Village Board. The State's Attorney alleged that defendant had been convicted of felonies in Macoupin County and Bond County and that, as a result of his felony convictions, defendant was not eligible to hold an elective municipal office according to section 3.1-10-5(b) of the Illinois Municipal Code.

In his answer to the *quo warranto* complaint, defendant admitted that he had two felony convictions but alleged that section 3.1-10-5 of the Illinois Municipal Code violates the equal protection clause of the fourteenth amendment to the United States Constitution.

The State filed a motion for a summary judgment and attached a certified copy of the judgment of felony conviction filed in Bond County and a copy of defendant's answer, in which he admitted that he had two felony convictions. The State argued that a summary judgment was appropriate as a matter of law because the evidence of defendant's felony convictions was undisputed and because section 3.1-10-5 of the Illinois Municipal Code

2

provides that a person is not eligible for an elective municipal office if he has been convicted of a felony.

In turn, defendant filed a motion for a summary judgment and attached a certified copy of the order of discharge from probation from each felony case. He argued that the legislative scheme, which provided for the restoration of a convicted felon's eligibility to hold a constitutional office upon the completion of his sentence but did not provide for the restoration of a felon's eligibility to hold a legislatively created office upon the completion of his sentence, was unconstitutional because the different classifications were not rationally related to a legitimate state interest.

After considering the arguments of counsel, the circuit court rejected defendant's equal protection argument and granted a summary judgment in favor of the State. The court determined that the State had presented rational reasons to support a statutory difference in the treatment of convicted felons seeking election to municipal offices compared to those seeking election to constitutional offices. The court found that the legislative scheme which provides a different path to the restoration of the right of a convicted felon to run for a statutorily created office could be reasonably based on valid concerns about the lack of a lengthy vetting between the nomination and the election, the relative lack of scrutiny of the municipal candidates, and the fact that there is less oversight and regulation at the municipal level of government. The court concluded that "the prohibition against a convicted felon holding a municipal office (unless pardoned) is presumed to be rationally related to a legitimate state interest" and that the presumption is not overcome "by the fact that convicted felons may hold constitutional offices upon completion of sentence." The court ordered that defendant be removed from the office of village trustee and that he be barred from taking the oath of office and assuming the office of President of the Village Board.

## II. Analysis

In this case, we must determine whether there is a rational basis for a statutory scheme that allows a convicted felon to run for a constitutional office upon the completion of his sentence but does not afford the same restoration of the right to a felon seeking a nonconstitutional elective office. We begin our analysis by considering the appropriate standard of review. We will then turn our attention to the sections of the Illinois Constitution and the statutory provisions that address the restoration of the rights of convicted felons to run for a public office.

## A. Standard of Review

In this case, defendant's constitutional challenge will be reviewed under the rational basis standard of review. We have concluded that this standard of review is appropriate because the right to run for a statutorily created office and the right to serve in that office have not been found to be absolute or fundamental rights (*Hoskins v. Walker*, 57 Ill. 2d 503, 508, 315 N.E.2d 25, 27 (1974); *Coles v. Ryan*, 91 Ill. App. 3d 382, 385, 414 N.E.2d 932, 936 (1980)) and because this case does not fall within the types of cases where the challenged classification imposes burdens on new political parties or where ballot access is dependent on a person's economic means (*Lubin v. Panish*, 415 U.S. 709, 39 L. Ed. 2d 702, 94 S. Ct. 1315 (1974); *Anderson v. Schneider*, 67 Ill. 2d 165, 365 N.E.2d 900 (1977)).

Under the more deferential analysis, a legislative classification will be sustained if it is rationally related to furthering a legitimate state interest. *Hoskins*, 57 Ill. 2d at 508, 315 N.E.2d at 27. There is a presumption that a legislative classification is valid, and the classification will not be set aside if any set of facts may be conceived to justify it. *Hoskins*, 57 Ill. 2d at 509, 315 N.E.2d at 28. A court will construe the acts of the legislature so as to uphold their constitutionality if that can reasonably be done, and if the construction is doubtful, the doubts will be resolved in favor of the validity of the legislation. *Anderson*, 67

4

Ill. 2d at 176, 365 N.E.2d at 904. The party challenging the classification has the burden to establish a constitutional violation. *Hoskins*, 57 Ill. 2d at 508, 315 N.E.2d at 27.

B. The Equal Protection Challenge to Section 3.1-10-5(b) of the Illinois Municipal Code

Under the Illinois Constitution, Illinois citizens who are convicted of a felony forfeit certain rights, including the right to vote (Ill. Const. 1970, art. III, §2) and the right to run for and hold a constitutional office (Ill. Const. 1970, art. XIII, §1). Section 2 of article III of the Illinois Constitution provides that a convicted felon's eligibility to vote shall be restored no later than the completion of his sentence. Section 1 of article XIII does not contain the same provision. Under section 1 of article XIII, a convicted felon's eligibility to run for a constitutional office "may be restored as provided by law." Ill. Const. 1970, art. XIII, §1. Another constitutional provision grants to the Governor the authority to grant reprieves, commutations, and pardons, subject to the legislature's authority to establish the manner of application. Ill. Const. 1970, art. V, §12. Under the Illinois Constitution, aside from a gubernatorial pardon, the state legislature has the authority to enact statutes that dictate whether and under what circumstances a convicted felon's eligibility to serve in a constitutional office may be restored.

The Illinois Constitution also grants to the legislature the authority to create units of local government. Ill. Const. 1970, art. VII, §12. When a municipal office is created by statute, the legislature has the discretionary authority to specify the qualifications required to hold that office so long as the qualifications are reasonably related to the specialized demands of the office. See *East St. Louis Federation of Teachers, Local 1220 v. East St. Louis School District No. 189 Financial Oversight Panel*, 178 Ill. 2d 399, 418, 687 N.E.2d 1050, 1061 (1997); *Hoskins*, 57 Ill. 2d at 509, 315 N.E.2d at 28.

In accordance with the authority granted by the Illinois Constitution, the state legislature has enacted statutory provisions that set forth the qualifications and the eligibility

5

requirements for persons seeking elective office. Section 29-15 of the Election Code prohibits any person convicted of an infamous crime "from holding any office of honor, trust, or profit, unless such person is again restored to such rights by the terms of a pardon for the offense or otherwise according to law." 10 ILCS 5/29-15 (West 2002). Section 5-5-5(b) of the Unified Code of Corrections states that a person convicted of a felony is ineligible to hold a constitutional office until the completion of his sentence. 730 ILCS 5/5-5-5(b) (West 2002). Finally, section 3.1-10-5(b) of the Illinois Municipal Code provides as follows: "A person is not eligible for an elective municipal office if that person is in arrears in the payment of a tax or other indebtedness due to the municipality or has been convicted in any court located in the United States of any infamous crime, bribery, perjury, or other felony." 65 ILCS 5/3.1-10-5(b) (West 2002).

It is clear that the aforementioned constitutional and statutory provisions were established to ensure public confidence in the honesty and integrity of those serving in state and local offices. *People ex rel. Ryan v. Coles*, 64 Ill. App. 3d 807, 811-12, 381 N.E.2d 990, 994 (1978). The question is whether the legislature's decision to establish a different requirement for the restoration of eligibility for a statutorily created office is rationally related to a legitimate state interest. It appears from our research and that of the parties that *Coles v. Ryan* is the only reported Illinois decision in which this issue has been considered. *Coles v. Ryan*, 91 Ill. App. 3d 382, 414 N.E.2d 932 (1980). In *Coles*, our colleagues in the Second District found that there was no rational basis apparent from the record for distinguishing between statutorily created and constitutionally created offices for purposes of the restoration of eligibility. In reaching that decision, the court specifically noted that the State's Attorney argued generally that the subject was within the province of the legislature and that he did not suggest a rational basis to support the differing classifications. *Coles*, 91 Ill. App. 3d at 386, 414 N.E.2d at 936.

6

After reviewing the *Coles* decision and the bases therefor, we have determined that it is distinguishable from the case at bar. In contrast to the facts in *Coles*, the State's Attorney in this case explained that the legislative scheme was rationally related to the legitimate state interest in maintaining the public trust in local elective offices, and the circuit court found that reasoning to be valid. The court found legitimate differences between the environments in which candidates for municipal offices and candidates for statutory offices run and serve. The court specifically noted that the opportunities and the means to scrutinize candidates for municipal offices and to oversee the activities of those elected are significantly less than the opportunities for scrutiny and oversight of those who run for and serve in constitutional offices. Based on the aforementioned considerations and the fact that the elected officials make important fiscal and policy decisions which directly impact the residents of the municipality, we conclude that the legislature's decision to require a convicted felon to present some evidence of rehabilitation beyond the mere service of his sentence in order to regain his eligibility to hold a municipal office is a reasonable means to further the State's interest in safeguarding the integrity of and the public trust in municipal government. In our view, the provision requiring a convicted felon who wants to run for a statutorily created office to establish to the Governor's satisfaction that he has rehabilitated himself and is worthy of the public trust is neither arbitrary nor irrational.

## III. Conclusion

Under long-standing principles of statutory construction, we have a duty to construe acts of the legislature so as to uphold their constitutionality, and any doubts regarding construction are to be resolved in favor of the validity of the legislation. Based on the record in this case, we have concluded that there is a rational basis for imposing additional requirements on a convicted felon who seeks the restoration of the right to run for a statutorily created office. Defendant has not established that section 3.1-10-5 of the Illinois

7

Municipal Code violates the equal protection clause of the fourteenth amendment to the United States Constitution. Accordingly, the judgment of the circuit court of Bond County is affirmed.

Affirmed.

WELCH and McGLYNN, JJ., concur.

NO. 5-05-0332

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the |
|---|---|
| | ) Circuit Court of |
| Plaintiff-Appellee, | ) Bond County. |
| | ) |
| v. | ) No. 05-MR-11 |
| | ) |
| KIM E. HOFER, | ) Honorable |
| | ) John Knight, |
| Defendant-Appellant. | ) Judge, presiding. |

_____

**Opinion Filed**: January 31, 2006

_____

**Justices**: Honorable James K. Donovan, J.

Honorable Thomas M. Welch, J., and
Honorable Stephen P. McGlynn, J.,
Concur

_____

**Attorney for Appellant**: Douglas Marti
218B North Second
Greenville, IL 62246

_____

**Attorneys for Appellee**: Hon. Christopher Bauer, Bond County State's Attorney, Bond County Courthouse, Greenville, IL 62246; Norbert J. Goetten, Director, Stephen E. Norris, Deputy Director, Patrick D. Daly, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, 730 E. Illinois Highway 15, Suite #2, P.O. Box 2249, Mt. Vernon, IL 62864

_____