WASTE MANAGEMENT OF ILLINOIS, INC., Petitioner-Appellant, v. THE
POLLUTION CONTROL BOARD *et al.*, Respondents-Appellees.

Third District    No. 3—03—0924

Opinion filed March 23, 2005.

Donald J. Moran (argued) and Lauren Blair, both of Pedersen & Houpt, of Chicago, for petitioner.

Lisa Madigan, Attorney General, of Chicago (Gary S. Feinerman, Solicitor General, and Karen J. Dimond (argued), Assistant Attorney General, of counsel), for respondent Pollution Control Board.

George Mueller, of Ottawa, for respondent Merlin Karlock.

David E. Neumeister (argued), Jennifer J. Sackett Pohlenz, and Jennifer L. Medenwald, all of Querrey & Harrow, Ltd., of Chicago, for respondent Michael Watson.

Richard S. Porter (argued), Charles F. Helsten, and Heather K. Lloyd, all of Hinshaw & Culbertson, of Rockford, for respondent Kankakee County Board.

Keith Runyon, of Bourbonnais, respondent *pro se.*

JUSTICE McDADE delivered the opinion of the court:

In this appeal from proceedings before the Illinois Pollution Control Board (IPCB), the petitioner, Waste Management of Illinois, Inc., appeals from a reversal by the IPCB of a grant of approval for the expansion of a landfill in Kankakee County granted by the Kankakee County Board. The IPCB found that the petitioner had failed to give proper notice of its filing for approval to 1 out of 76 potentially affected property owners, in violation of section 39.2(b) of the Illinois Environmental Protection Act (415 ILCS 5/39.2(b) (West 2002)). For the following reasons, we affirm.

## FACTS

The petitioner filed its application for site approval with the respondent, the County of Kankakee, on August 16, 2002. The application requested approval for a 302-acre expansion of an existing landfill in unincorporated Kankakee County. After a lengthy hearing, held on 11 days between November 18 and December 6, 2002, the board granted the approval on January 31, 2003.

Following the grant of approval, the respondents, the City of Kankakee, Merlin Karlock, Keith Runyon, and Michael Watson filed third-party appeals with the IPCB, alleging that the county board lacked jurisdiction to grant the application because one adjacent landowner, Brenda Keller, was not served with notice of the filing as required under the Illinois Environmental Protection Act (415 ILCS 5/39.2(b) (West 2002)).

At the hearing before the board, Ryan Jones, an employee of Diligent Detective Agency, testified about his efforts to serve Brenda Keller. Jones attempted personal service on Keller on July 29, 2002, and on July 30, 2002. On both occasions, no one was home. On July 31, 2002, Jones again attempted personal service. On that day, a woman, not Brenda Keller, answered the door but refused to accept service on Keller's behalf. On August 31, 2002, Jones posted notice on Brenda Keller's door after again attempting to personally serve her.

An affidavit was presented from Jones' supervisor, Chris Morrical, which stated that Keller was sent a regular letter giving notice. There was no evidence, however, that Keller was sent a certified letter.

Brenda Keller testified that she lives with her husband, Robert Keller. They receive their mail at the post office in a post office box. She had never seen Ryan Jones and did not receive personal service from him. She did not observe any notice attached to her door. She did not speak to her husband about the hearing or learn of it from him. She stated that she was not trying to avoid service.

Robert Keller testified that he was Brenda Keller's husband. He stated that he did not, at any time, see a notice posted on his house. He did not discuss the hearings with his wife until the day of the hearing, when she learned about them. He had responded to a return receipt when he receive a certified letter regarding the hearing. His wife had done so on a previous occasion when asked to do so. He did not see a certified letter addressed to his wife for the most recent hearing, even though he gets the mail every day.

On August 7, 2003, the IPCB issued an order reversing the approval granted by the Board. The basis for the decision was that the Board lacked jurisdiction because of a failure to provide proper notice to Mrs. Brenda Keller, an adjacent landowner. The IPCB subsequently denied the petitioner's motion to reconsider on October 16, 2003. The petitioner appeals.

## ANALYSIS

■ When reviewing a question of law, such as the interpretation of a statute, the decision of the IPCB is not binding on the appellate court. *Envirite Corp. v. Illinois Environmental Protection Agency*, 158

Ill. 2d 210, 214, 632 N.E.2d 1035, 1037 (1994). Rather, the appellate court shall review the question *de novo. ESG Watts, Inc. v. Pollution Control Board*, 191 Ill. 2d 26, 29, 727 N.E.2d 1022, 1024 (2000).

However, the petitioner and respondent County of Kankakee argue that the issue of whether the county board lacked jurisdiction due to the failure of the petitioner to properly give notice is a determination that should be reviewed with deference to the decision of the county board and should only be reversed if it is against the manifest weight of the evidence. These parties assert that "it is for the local siting authority to determine the credibility of witnesses, to resolve conflicts in the evidence and to weigh the evidence presented." *Land & Lakes Co. v. Pollution Control Board*, 319 Ill. App. 3d 41, 53, 743 N.E.2d 188, 197 (2000). Therefore, when testimony is provided regarding jurisdictional issues, as happened at the hearings in this case, the reviewing court should apply the manifest weight of the evidence standard. *Gaidar v. Tippecanoe Distribution Services, Inc.*, 299 Ill. App. 3d 1034, 1039, 702 N.E.2d 316, 319 (1998); *Stein v. Rio Parismina Lodge*, 296 Ill. App. 3d 520, 523-24, 695 N.E.2d 518, 521 (1998).

We believe that *de novo* review is appropriate. The relevant facts are not in dispute. No credibility determination was required. We do not see *Land & Lakes* and *Gaidar* as necessitating manifest weight of the evidence review solely because an evidentiary hearing was held, if there was no dispute respecting the underlying facts. The task before us is to apply the undisputed facts to the statute. We engage in that inquiry *de novo. ESG Watts*, 191 Ill. 2d at 29, 727 N.E.2d at 1024.

■ Section 39.2(b) provides:

"No later than 14 days before the date on which the county board or governing body of the municipality receives a request for site approval, the applicant shall cause written notice of such request to be served either in person or by registered mail, return receipt requested, on the owners of all property within the subject area not solely owned by the applicant, and on the owners of all property within 250 feet in each direction of the lot line of the subject property, said owners being such persons or entities which appear from the authentic tax records of the County in which such facility is to be located; provided, that the number of all feet occupied by all public roads, streets, alleys and other public ways shall be excluded in computing the 250 feet requirement; provided further, that in no event shall this requirement exceed 400 feet, including public streets, alleys and other public ways.

Such written notice shall also be served upon members of the General Assembly from the legislative district in which the proposed facility is located and shall be published in a newspaper of general circulation published in the county in which the site is located.

Such notice shall state the name and address of the applicant, the location of the proposed site, the nature and size of the development, the nature of the activity proposed, the probable life of the proposed activity, the date when the request for site approval will be submitted, and a description of the right of persons to comment on such request as hereafter provided." 415 ILCS 5/39.2(b) (West 2002).

Initially, the petitioner concedes that Brenda Keller was required to be served but argues that the statute does not exclusively require service "in person or by registered mail, return receipt requested." It contends that the IPCB has ignored both the language of the statute and relevant case law in interpreting section 39.2(b) strictly rather than liberally.

The petitioner argues that the Act explicitly requires that it be construed liberally to achieve its purpose and intent, and that the strict construction given by the IPCB frustrates that purpose and intent. The petitioner asserts that the purpose of the notice requirement is to assure that landowners receive actual notice of development occurring near their land. Under petitioner's interpretation of the statute, any notice that either actually or constructively places a landowner on notice is sufficient.

We find no legal authority for the petitioner's expansive interpretation of the statute. When determining statutory meaning, the court must give effect to the intent of the legislature, which is discovered through an examination of the plain language of the statute. *People ex rel. Devine v. $30,700.00 United States Currency*, 199 Ill. 2d 142, 150, 766 N.E.2d 1084, 1089-90 (2002). Where that language is plain and unambiguous, the court may not depart from the plain language by reading into it exceptions, limitations, or conditions not expressed by the legislature. *$30,700.00 United States Currency*, 199 Ill. 2d at 150, 766 N.E.2d at 189-90. "Moreover, where language is express and plain, a court must not search for subtle intentions of the legislature." *$30,700.00 United States Currency*, 199 Ill. 2d at 151, 766 N.E.2d at 189-90.

The plain language of the statute requires that notice be provided "in person or by registered mail, return receipt requested." This language is not in the least bit ambiguous. As a matter of statutory construction, then, the matter is resolved. The legislature clearly intended, as expressed by the plain language of the statute, that notice be provided "in person or by registered mail, return receipt requested."

However, the petitioner notes that the IPCB has allowed for notice to be served by "certified mail, return receipt requested." *Ash v. Iroquois County Board*, Ill. Pollution Control Bd. Op. 87—29 (July 10,

1987). According to the petitioner, this illustrates the IPCB's willingness, under different circumstances, to adopt a more liberal construction to the statute allowing for methods of service not explicitly mentioned in section 39.2(b). An examination of *Ash* reveals that the IPCB allowed notice by certified mail, return receipt requested, instead of by registered mail, return receipt requested, because the board could not find any substantive difference between the two types of service. *Ash v. Iroquois County Board*, Ill. Pollution Control Bd. Op. 87—29 (July 10, 1987). This approach is supported by case law as well. *People ex rel. Head v. Board of Education of Thorton Fractional Township South High School District No. 215*, 95 Ill. App. 3d 78, 81, 419 N.E.2d 505, 507 (1981) (difference between certified mail, return receipt requested, and registered mail, return receipt requested, not of "pivotal importance" when both document that the addressee received the letter); *Olin Corp. v. Bowling*, 95 Ill. App. 3d 1113, 1116-17, 420 N.E.2d 1047, 1050 (1981) ("[w]hen a return receipt is requested, certified mail becomes 'the functional equivalent of registered mail for court purposes,'" quoting Ill. Ann. Stat., ch. 110A, ch. 105, Historical and Practice Note, at 51 (Smith-Hurd Supp. 1980-1981)); *Bultman v. Bishop*, 120 Ill. App. 3d 138, 143, 457 N.E.2d 994, 997 (1983) (concurring with *Olin Corp.*). Clearly, certified mail, return receipt requested, is the exact equivalent of registered mail, return receipt requested, for purposes of the statute. Such is not the case, however, with regular mail, which provides no assurance of receipt.

The fact remains, however, that the language of the statute is clear and unambiguous that notice must be given to all relevant landowners by registered mail, return service requested (or its functional equivalent), or by personal service. Neither type of service was perfected with respect to Brenda Keller. The failure of notice is a jurisdictional issue; the county board does not have jurisdiction if all landowners have not been given notice according to the statute. *Ogle County Board ex rel. County of Ogle v. Pollution Control Board*, 272 Ill. App. 3d 184, 192, 649 N.E.2d 545, 551-52 (1995); *Kane County Defenders, Inc. v. Pollution Control Board*, 139 Ill. App. 3d 588, 593, 482 N.E.2d 742, 746-47 (1985).

The petitioner argues that strict adherence to the language of the statute would allow landowners to avoid service by refusing to sign the return receipt and thereby deny the county board jurisdiction. All that is required by the statute is that notice be sent by registered mail, return service requested. Jurisdiction is not premised on the recipient's actions, once the letter is received, but on the form of the sending of the letter; jurisdiction will exist as long as the letter is sent by the prescribed method. *People ex rel. Devine v. $30,700.00 United States Currency*, 199 Ill. 2d 142, 151, 766 N.E.2d 1084, 1090 (2002).

The petitioner next argues that either actual notice or constructive notice is sufficient to satisfy the requirement of the statute, even if that notice was made in a way not contemplated by the statute. Petitioner has cited no authority in support of this argument.

The statute prescribes two forms of service, neither of which was used by the petitioner. There is no law to support the petitioner's assertion that either posting or regular mail is sufficient to satisfy the statute. There is substantial law, discussed above, that holds that the plain meaning and language of the statute govern. The petitioner's argument to the contrary is without merit.

In addition, petitioner argues that Brenda Keller had actual notice of the hearing before the county board. The testimony established that Keller's husband received notice and that notice of the hearing was posted on Keller's door. Even if we assume that those facts *prove* actual notice, it could make no difference. Notice would not have been achieved by the statutorily required means and proof of actual notice would not overcome that failure of compliance.

Finally, with regard to constructive notice, the Pollution Control Board has held that constructive notice of a hearing may be presumed in instances where a property owner has refused or avoided service. *ESG Watts v. Sangamon County Board*, Ill. Pollution Control Bd. Op. 98—2 (June 17, 1999). However, in this case, there is no evidence that Brenda Keller refused service. Additionally, in *Waste Management of Illinois, Inc. v. Village of Bentsenville*, Ill. Pollution Control Bd. Op. 89—28 (August 10, 1989), the Pollution Control Board made clear that constructive notice applies in cases where the landowner has avoided those forms of service permitted by the statute, such as when a landowner refuses to acknowledge the receipt of a registered letter. *Waste Management of Illinois, Inc. v. Village of Bentsenville*, Ill. Pollution Control Bd. Op. 89—28 (August 10, 1989). Since there is no indication that Keller attempted to avoid personal service or that she refused to acknowledge the receipt of a registered letter (since one was not sent to her), a finding of constructive notice is unwarranted.

## CONCLUSION

■ The petitioner's argument that landowner Brenda Keller received sufficient notice under the Illinois Environmental Protection Act is unavailing. The plain language of the statute requires that service be made by personal service or registered mail, return receipt requested. Neither form of service was perfected in this case. The plain language of the statute should govern and thereby remove jurisdiction from the county board because of the failure of service. The petitioner argues that, despite its failure to comply with the

statute, sufficient notice should be presumed if it can be shown that the landowner received actual notice. However, there is no law to indicate that actual notice by a nonprescribed method is sufficient to satisfy the statutory requirement. Finally, the petitioner argues that the landowner had constructive notice. A finding of constructive notice requires a showing that the landowner sought to avoid service by one of the prescribed methods of notice. There is no evidence of such avoidance here. Since notice was not sufficient, the county board did not have jurisdiction. The ruling of the Illinois Pollution Control Board is therefore affirmed.

Affirmed.

SCHMIDT and HOLDRIDGE, JJ., concur.