FIFTH DIVISION
February 25, 2011

No. 1-11-0346

| | | |
|---|---|---|
| MICHAEL "MIKE" STINSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 11 COEL 17 |
| | ) | |
| THE CHICAGO BOARD OF ELECTION COMMISSIONERS; | ) | |
| THE CHICAGO MUNICIPAL OFFICERS ELECTORAL | ) | |
| BOARD, and its Individual Members, LANGDON D. NEAL, | ) | |
| RICHARD A. COWEN and MARISEL A. HERNANDEZ; and | ) | |
| Objector EILEEN JACKSON, | ) | The Honorable |
| | ) | Robert W. Bertucci, |
| Respondents-Appellees. | ) | Judge Presiding. |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court, with opinion.

Justices Howse and Epstein concurred in the judgment and opinion.

## OPINION

Petitioner-appellant Michael "Mike" Stinson (petitioner) appeared before this court upon a motion for expedited briefing schedule and decision, related to the general municipal election for alderman of the 28th Ward of the City of Chicago to be held on February 22, 2011. This court granted his motion on February 9, 2011. Upon review of this cause, we issue the instant opinion affirming the decision of the circuit court.

In November 2010, petitioner filed nomination papers to become a candidate in said election. Respondent-appellee objector Eileen Jackson (respondent) objected to the validity of petitioner's candidacy, asserting that he was in arrears in the payment of debts to the City of Chicago, in violation of section 3.1-10-5(b) of the Illinois Municipal Code (Code) (65 ILCS

No. 1-11-0346

5/3.1-10-5(b) (West 2008)), which declares anyone in arrears ineligible for an elective municipal office. Essentially, Jackson alleged that petitioner owed an outstanding debt of over $600[1] in unpaid traffic tickets and that, when petitioner filed his statement for candidacy under section 10-5 of the Illinois Election Code (10 ILCS 5/10-5 (West 2008)), he was untruthful because he was not qualified to be a candidate or to hold office. At a hearing before the Board of Election Commissioners for the City of Chicago, respondent presented several pieces of certified evidence demonstrating that petitioner owes the debt; petitioner, meanwhile, did not testify about how this is not or cannot be his debt, other than to present a list of people with the name "Michael Stinson" living in Chicago. After examining the evidence, the hearing officer held that respondent proved by a preponderance of the evidence that petitioner currently owes the debt, while petitioner failed to establish that the debt was not his. Accordingly, the hearing officer issued his report and recommended decision, stating the objection to petitioner's candidacy should be granted, as petitioner was ineligible for office. Upon review, however, respondent-appellee the Chicago Municipal Officers Electoral Board (Board) declined to adopt the hearing officer's findings and recommendation. While it noted that "the evidence established [petitioner] owed a debt" to the City of Chicago, it overruled respondent's objections to his candidacy, stating only that "there is insufficient evidence of notice to [petitioner] of [the] existing debt." Accordingly, the Board held that petitioner's name shall appear on the election ballot.

The matter was then presented to the circuit court of Cook County. After reviewing the

[1]The exact amount is seemingly in dispute. Portions of the record indicate that it is $634.40, while others indicate it is $634.10.

2

record and prior decisions in the cause, the court reversed the Board's decision, holding that it was against the manifest weight of the evidence. The court noted that the Board's reason for refusing to adopt the hearing officer's recommendation was its "clearly erroneous" conclusion that petitioner did not receive sufficient notice of the debt. The court explained that there was nothing in section 3.1-10-5(b) of the Code, nor in any other legal precedential authority cited, imposing a requirement of proof of notice of an existing debt to a candidate for elective office. Therefore, the court ordered that petitioner's name not appear on the ballot for the election.

Section 3.1-10-5(b), the statutory provision at issue herein, states:

"A person is not eligible for an elective municipal office if that person is in arrears in the payment of a tax or other indebtedness due to the municipality or has been convicted in any court located in the United States of any infamous crime, bribery, perjury, or other felony." 65 ILCS 5/3.1-10-5(b) (West 2008).

Our focus here is the construction of section 3.1-10-5(b) and its application to the facts before us, namely, whether this statute requires notice to be given to a candidate of any arrearage he owes to a municipality. Accordingly, the standard of review we must apply in this regard is *de novo*. See *Blum v. Koster*, 235 Ill. 2d 21, 44 (2009) ("the standard of review for construction and application of a statute is *de novo*").

The cardinal rule of statutory construction is to ascertain and give effect to the true intent and meaning of the legislature. See *Carroll v. Paddock*, 199 Ill. 2d 16, 22 (2002); accord *Waste Management of Illinois, Inc. v. Illinois Pollution Control Board*, 356 Ill. App. 3d 229, 233 (2005). The best indication of this intent and meaning, and the first factor to which we turn, is the

language of the statute itself. See *Metzger v. DaRosa*, 209 Ill. 2d 30, 34-35 (2004); accord *Premier Property Management, Inc. v. Chavez*, 191 Ill. 2d 101, 119 (2000) (Freeman, J., specially concurring, joined by McMorrow, J.). Where the statutory language is plain, ordinary and unambiguous, we are bound to enforce the law as written and may not resort to other tools of statutory construction. See *Land v. Board of Education of the City of Chicago*, 202 Ill. 2d 414, 421-22 (2002); accord *Waste Management*, 356 Ill. App. 3d at 233. Most significantly, in such situations, we cannot depart from the plain language of the statute by "reading into it exceptions, limitations, or conditions not expressed by the legislature," nor can we " 'search for subtle intentions of the legislature.' " *Waste Management*, 356 Ill. App. 3d at 233 (quoting *People ex rel. Devine v. $30,700.00 United States Currency*, 199 Ill. 2d 142, 150 (2002)); accord *Village of Woodridge v. Board of Education of Community High School District 99*, 403 Ill. App. 3d 559, 573 (2010). In other words, when a statute's language is clear and unambiguous, we cannot impose a condition among its terms that the legislature did not itself enact via the statute's language. See *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 398 Ill. App. 3d 510, 523, 537 (2009) (reviewing court "cannot read into a statute a condition that is not there").

The language of section 3.1-10-5(b) is inherently plain, clear and unambiguous: a person who is in arrears to a municipality on a debt is not eligible for an elective municipal office. This statute mentions nothing about a notice requirement to the candidate, *i.e.*, that notice must be provided to a candidate about a debt due and owing. Petitioner's construction of section 3.1-10-5(b) would require us to impose a condition to which the statute does not speak. Clearly, in making this law, the legislature chose not to impose such a condition, nor is there any indication

in any precedential source presented before us that even fleetingly refers to the legislature possessing such an intention to impose a notice requirement when it enacted this statute. To the contrary, when the legislature enacted section 3.1-10-5(b), it did not condition or limit any of the phrases it used to declare an indebted candidate ineligible in any way--regarding the concept of notice, or any other concept, for that matter. Therefore, as the legislature chose not to do so, we cannot, as petitioner would have us, read into or impose any sort of notice requirement in the statute; notice is simply irrelevant under its provisions. See, *e.g.*, *People ex rel. Madigan v. Kinzer*, 232 Ill. 2d 179, 185-86 (2009) (where proffered construction of statute would require the addition of a condition to its plain language, which was not otherwise included by the legislature when statute was enacted, such construction could not be adopted by court); *Western & Southern Life Insurance Co. v. Edmonson*, 397 Ill. App. 3d 146, 152 (2009) (where statutory section at issue did not contain any language dictating time frame to which section was applicable or otherwise restricting its applicability, reviewing court could not read in such limitation as urged by party on appeal).

Plainly put, section 3.1-10-5(b) does not mention notice nor make it a condition for its operation; rather, the statute declares a candidate in arrears to a municipality on a debt owed ineligible for elective office. Turning to the facts of the instant cause, we noted earlier that the Board accepted the hearing officer's factual finding that petitioner had an outstanding debt he owed to the City of Chicago at the time he filed his nomination papers. As a reviewing court, we must adopt this factual conclusion as true and, upon our examination of the legal effect of this fact pursuant to section 3.1-10-5(b), we find, as did the trial court, that the Board's ultimate decision

allowing petitioner's name to appear on the ballot was clearly erroneous.  See *City of Belvidere v. Illinois State Labor Relations Board*, 181 Ill. 2d 191, 205 (1998); *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 391-95 (2001) (examination of legal effect of given set of facts involves mixed question of law and fact wherein we accept as *prima facie* true the administrative agency's factual findings and review its decision to determine whether we have a firm conviction that a mistake has been committed).  Accordingly, we affirm the trial court's decision reversing the Board's dismissal of respondent's objection to petitioner's candidacy and disqualifying petitioner from the election.

Affirmed.