# Illinois Official Reports

## Appellate Court

---

***Alvarez v. Williams*, 2014 IL App (1st) 133443**

---

| | |
|---|---|
| Appellate Court Caption | ANITA ALVAREZ, in Her Capacity as Cook County State's Attorney, Plaintiff-Appellee, v. KENNETH J. WILLIAMS, in His Capacity as Thornton Township High School District 205 School Board President, Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-13-3443 |
| Filed | December 10, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court properly granted plaintiff State's Attorney summary judgment in a *quo warranto* action based on the argument that defendant's 1985 Indiana felony forgery conviction on an accountability theory constituted an infamous crime under section 29-15 of the Election Code that rendered defendant ineligible to hold the office of a school board member; furthermore, the trial court did not violate defendant's due process or equal protection rights, and the fact that the conviction was expunged in Indiana after the trial court entered its order had no effect on the trial court's action in the instant case. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2013-CH-1379; the Hon. Rita Novak, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Andrew Finko, of Andrew Finko, P.C., of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Daniel F. Gallagher, Kent S. Ray, and Sisavanh B. Baker, Assistant State's Attorneys, of counsel), for appellee.

Panel

JUSTICE LAVIN delivered the judgment of the court, with opinion. Presiding Justice Pucinski and Justice Hyman concurred in the judgment and opinion.

**OPINION**

¶ 1     This interlocutory appeal arises from the trial court's order granting summary judgment in favor of plaintiff Anita Alvarez, in her capacity as Cook County State's Attorney, in a *quo warranto* action, pursuant to section 18-101 of the Code of Civil Procedure (735 ILCS 5/18-101 (West 2012)), against defendant Kenneth J. Williams. On appeal, defendant first contends that the trial court erred in granting summary judgment because he is statutorily qualified to seek and hold public office under the Illinois Election Code (10 ILCS 5/1-1 *et seq.* (West 2012)) and School Code (105 ILCS 5/1-1 *et seq.* (West 2012)). Defendant also contends his due process rights were violated because the term "infamous crime" is vague and, therefore, violates the due process clause of the United States Constitution (U.S. Const., amend. XIV). In addition, defendant contends that section 29-15 of the Election Code (10 ILCS 5/29-15 (West 2012)) violates his equal protection rights under the fourteenth amendment of the United States Constitution (U.S. Const., amend. XIV) because there is a disparity in the eligibility requirements for convicted felons seeking to hold constitutional and legislatively created offices. Furthermore, defendant contends that his equal protection rights were violated by plaintiff's selective prosecution of defendant. Finally, defendant contends that the trial court abused its discretion by limiting discovery. We affirm.

¶ 2                                                    BACKGROUND

¶ 3     In April 2009, defendant was elected to the Board of Education for Thornton Township High School District 205 (Board) and was subsequently reelected in April 2012, attaining the position of Board president. Prior to defendant's reelection to the Board, plaintiff filed a complaint against defendant alleging that a prior conviction (a 1985 Indiana felony forgery conviction on an accountability theory for which he served five years) constituted an infamous crime under section 29-15 of the Election Code (10 ILCS 5/29-15 (West 2012)), rendering him ineligible to hold the office of a school board member. See Ind. Code Ann. §§ 35-41-2-4, 35-43-5-2 (West 1984). The parties filed cross-motions on the pleadings. After briefing and argument, the trial court dismissed plaintiff's motion for default judgment and defendant's motion to dismiss. Defendant then filed his answer and affirmative defensives, drawing

plaintiff's motion for summary judgment. Defendant thereafter filed his response to plaintiff's motion for summary judgment, along with his counsel's Rule 191(b) affidavit (Ill. S. Ct. R. 191(b) (eff. Jan. 4, 2013)), regarding anticipated evidence that would have been obtained through party discovery. Defendant also filed a cross-motion for summary judgment including two volumes of exhibits highlighting documents obtained through the Freedom of Information Act (5 ILCS 140/1.1 *et seq.* (West 2012)). In October 2013, the trial court allowed oral argument on both motions for summary judgment and ruled in plaintiff's favor. The court determined that defendant's conviction was applicable in Illinois and he was statutorily ineligible to hold the office of a school board member under the Election Code (10 ILCS 5/1-1 *et seq.* (West 2012)) and School Code (105 ILCS 5/1-1 *et seq.* (West 2012)). Consequently, the trial court denied defendant's emergency motion to stay enforcement of the court's order. We note that approximately four months later, after the trial court issued its final ruling and defendant filed this appeal, the State of Indiana granted defendant an expungement of his criminal conviction. See Ind. Code Ann. § 35-38-9-10 (West 2012).

¶ 4                                        ANALYSIS

¶ 5        Defendant first contends that the trial court erred in granting summary judgment because he is statutorily qualified to seek and hold public office under the Illinois Election Code (10 ILCS 5/1-1 *et seq.* (West 2012)) and School Code (105 ILCS 5/1-1 *et seq.* (West 2012)). Summary judgment is proper where the pleadings, admissions, depositions and affidavits demonstrate there is no genuine issue as to any material fact so that the movant is entitled to judgment as a matter of law. *Ioerger v. Halverson Construction Co.*, 232 Ill. 2d 196, 201 (2008); 735 ILCS 5/2-1005 (West 2012). In determining whether a genuine issue of material fact exists, the court must consider such items strictly against the movant and liberally in favor of its opponent. *Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008). We review the trial court's order granting summary judgment *de novo*. *Weather-Tite, Inc. v. University of St. Francis*, 233 Ill. 2d 385, 389 (2009).

¶ 6        The School Code provides that "[a]ll school elections shall be governed by the general election law of the State." 105 ILCS 5/9-1 (West 2012). Section 1-1 of the Election Code states that it "is the general election law of Illinois and any reference in any other Act to 'the general election law' or 'the general election law of this State' is a reference to this Act, as now or hereafter amended." 10 ILCS 5/1-1 (West 2012). Thus, the Election Code governs the election of school board members and must be read in harmony with the School Code.

¶ 7        Under the School Code, a person is eligible to serve as an elected member of a board of education if: (1) he or she is a United States citizen; (2) is over the age of 18; (3) has been a resident in the district for at least one year immediately preceding the election; (4) is a registered voter; (5) is not a trustee; and (6) is not a child sex offender as defined by the Illinois Criminal Code of 2012 (720 ILCS 5/1-1 *et seq.* (West 2012)). 105 ILCS 5/10-10 (West 2012). In addition, various provisions in the Election Code and School Code prohibit convicted felons from holding an elective office. Under section 25-2(5) (10 ILCS 5/25-2(5) (West 2012)) of the Election Code, an elective office becomes vacant upon the incumbent's conviction for an "infamous crime." See also 105 ILCS 5/10-11(5) (West 2012) (elective offices under the School Code become vacant upon conviction of an "infamous crime"). Consequently, section 29-15 of the Election Code states:

"Any person convicted of an infamous crime as such term is defined in Section 124-1 of the Code of Criminal Procedure of 1963, as amended, shall thereafter be prohibited from holding any office of honor, trust, or profit, unless such person is again restored to such rights by the terms of a pardon for the offense or otherwise according to law." 10 ILCS 5/29-15 (West 2012).

¶ 8        Under section 124-1 of the Code of Criminal Procedure of 1963 (Code of Criminal Procedure), an infamous crime was defined as:

"the offenses of arson, bigamy, bribery, burglary, deviate sexual assault, *forgery*, incest or aggravated incest, indecent liberties with a child, kidnaping or aggravated kidnaping, murder, perjury, rape, robbery, sale of narcotic drugs, subornation of perjury, and theft if the punishment imposed is imprisonment in the penitentiary." (Emphasis added.) Ill. Rev. Stat. 1983, ch. 38, ¶ 124-1 (repealed by Pub. Act 84-1047, § 2 (eff. July 1, 1986)).

¶ 9        We must first construe the applicable statutes in order to determine whether defendant is entitled to continue in his office as a matter of statutory right. A reviewing court's primary objective in performing statutory construction is to give effect to the legislature's intent. *In re Application of the County Treasurer & ex officio County Collector*, 2013 IL App (1st) 130103, ¶ 9. The best indication of legislative intent is the statutory language, given its plain and ordinary meaning. *Id.* Reviewing courts should consider a statute in its entirety, keeping in mind the subject it addresses and the legislature's apparent objective in enacting it, and avoiding constructions that would render any term meaningless or superfluous. *Fisher v. Waldrop*, 221 Ill. 2d 102, 112 (2006). Furthermore, reviewing courts have a duty to construe a statute in a manner that upholds its validity and constitutionality. *Id.*

¶ 10       When read in their entirety, the provisions of the Election Code and School Code at issue establish an intent by the legislature to prevent individuals convicted of infamous crimes from holding offices of honor, trust and profit without an official pardon or restoration of rights. Although defendant contends that the repeal of section 124-1 of the Code of Criminal Procedure renders section 29-15 of the Election Code immaterial, we disagree. According to the principles of statutory construction, it is well settled that statutes which adopt by specific reference provisions of other statutes are not affected by a subsequent amendment or repeal of the incorporated statute. See *Town of Libertyville v. Continental Illinois National Bank & Trust Co. of Chicago*, 187 Ill. App. 3d 84, 90 (1989). Thus, the repeal of section 124-1 of the Code of Criminal Procedure does not change the classifications for an "infamous crime" in section 29-15 of the Election Code. Furthermore, "[a] felony is infamous when it is inconsistent with commonly accepted principles of honesty and decency, or involves moral turpitude," and defendant's conviction of forgery certainly offends this principle. *People ex rel. City of Kankakee v. Morris*, 126 Ill. App. 3d 722, 726 (1984). Moreover, courts reviewing section 29-15 of the Election Code subsequent to the repeal of section 124-1 of the Code of Criminal Procedure have continued to apply its definition of the term "infamous crime." See *Pappas v. Calumet City Municipal Officers' Electoral Board*, 288 Ill. App. 3d 787, 789 (1997); see also *Parker v. Lyons*, 757 F.3d 701, 704-07 (7th Cir. 2014).

¶ 11       Defendant also contends that by amending the eligibility requirements of the School Code in 2003 to exclude "child sex offender[s]" from holding office, the legislature demonstrated its intent to limit the ineligibility of convicted felons to this sole offense. See 105 ILCS 5/10-3 (West 2012). Section 10-11 of the School Code states that elective offices become vacant upon

the following happenings: (1) the death of the incumbent; (2) his resignation in writing filed with the secretary or clerk of the board; (3) his becoming a person under legal disability; (4) his ceasing to be an inhabitant of the district for which he was elected; (5) his conviction of an infamous crime, of any offense involving a violation of official oath, or of a violent crime against a child; (6) his removal from office; or (7) the decision of a competent tribunal declaring his election void. See 105 ILCS 5/10-11 (West 2012).

¶ 12    Upon our reading of the School Code in its entirety, we find no indication that the legislature intended to disregard any of the above happenings for vacancies, namely, a conviction for an infamous crime, let alone a conviction for a violent crime against a child. Furthermore, we find defendant's contention that a vacancy is only triggered when an individual commits one of the above offenses while physically in office misplaced. Clearly, as discussed above, the legislature intended to keep individuals convicted of infamous crimes from ever holding office in the first place. Defendant cites no authority to support this contention and we need not consider this matter further. See Ill. S. Ct. R. 341(h) (eff. Feb. 6, 2013) (an appellant's brief shall contain the contentions of the appellant and the reasons therefor with citation to authority).

¶ 13    Additionally, although defendant contends that section 124-1 of the Code of Criminal Procedure does not specifically identify "aiding and abetting" forgery as an infamous crime, we still believe the legislature intended to incorporate such a conviction under the accountability theory. Under Illinois law, a person is accountable for the acts of another when, before or during the commission of the offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid the other person in the planning or commission of the offense. See *People v. Rodriguez*, 229 Ill. 2d 285, 289 (2008); 720 ILCS 5/5-2(c) (West 2012). The common criminal design rule provides that where two or more persons engage in a common criminal design or agreement, any acts in furtherance of that common design committed by one party are considered to be the acts of all parties to the design or agreement and all are equally responsible for the consequences of the further acts.[1] *People v. Redmond*, 341 Ill. App. 3d 498, 511 (2003). Thus, through the application of the common criminal design rule, defendant's conviction for aiding, inducing, or causing the offense of forgery is considered an infamous crime under section 124-1 of the Code of Criminal Procedure. See *People v. Kunce*, 196 Ill. App. 3d 388, 390-91 (1990) (where the defendant was convicted of forgery under the accountability theory). Accordingly, we agree with the trial court that the legislature intended the School Code and Election Code to exclude individuals convicted of infamous crimes from eligibility to hold the office of a school board member, and thus, defendant was not statutorily eligible. See *People v. Hofer*, 363 Ill. App. 3d 719, 723 (2006) (Illinois has an interest in barring felons from elective office "to ensure public confidence in the honesty and integrity of those serving in state and local offices").

¶ 14    Defendant next contends that his due process rights were violated because the term "infamous crime" is vague and therefore violates the due process clause of the United States

---

[1]Defendant's conviction under Indiana law was comparable to the crime of aiding and abetting a forgery under Illinois law. See Ind. Code Ann. §§ 35-43-5-2, 35-41-2-4 (West 2012) ("[a] person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person: (1) has not been prosecuted for the offense; (2) has not been convicted of the offense; or (3) has been acquitted of the offense").

Constitution (U.S. Const., amend. XIV). In order for a statute to be void for vagueness, we must determine (1) whether the law fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits so that one may act accordingly; and (2) whether the law provides reasonable standards to law enforcement to ensure against authorizing or even encouraging arbitrary and discriminatory enforcement. *Wilson v. County of Cook*, 2012 IL 112026, ¶ 21.

¶ 15     As mentioned in detail above, the plain language of section 124-1 of the Criminal Code clearly defines the specific crimes the legislature deems infamous. The term "infamous crime" is far from archaic and is well established in Illinois case law. See *Stinson v. Chicago Board of Election Commissioners*, 407 Ill. App. 3d 874, 876 (2011); *Morris*, 126 Ill. App. 3d at 726; *People ex rel. Ryan v. Coles*, 64 Ill. App. 3d 807, 810 (1978). Therefore, defendant fails to demonstrate that a person of ordinary intelligence would misinterpret its meaning or that his past conviction prohibited him from holding office. Thus, his due process rights were not violated in this regard.

¶ 16     Relying solely on *Coles v. Ryan*, 91 Ill. App. 3d 382 (1980), defendant also contends that section 29-15 of the Election Code violates his equal protection rights under the fourteenth amendment of the United States Constitution (U.S. Const., amend. XIV) because there is no rational basis for the disparity in the eligibility requirements for convicted felons seeking to hold constitutionally and legislatively created offices. Under the Illinois Constitution (Ill. Const. 1970, art. III, § 2), the voting rights of a person convicted of a felony are restored after the person has served his sentence. In addition, he is then eligible to hold a *constitutional* office. See Ill. Const. 1970, art. XIII, § 1. The Illinois Constitution also grants to the legislature the authority to create units of local government (Ill. Const. 1970, art. VII, § 12), and when a local office is created by statute, "the legislature has the discretionary authority to specify the qualifications required to hold that office so long as the qualifications are reasonably related to the specialized demands of the office." *Hofer*, 363 Ill. App. 3d at 723. Thus, aside from a gubernatorial pardon, the legislature has the authority to dictate under what circumstances a convicted felon may hold a *legislatively created* office.

¶ 17     Hence, we find defendant's sole reliance on *Coles* misplaced. In *Coles*, the Second District examined whether there was a rational basis for the legislature establishing two different means by which a convicted felon was restored to the right to hold office when a convicted felon was ousted from his office of township supervisor. *Coles*, 91 Ill. App. 3d at 385-86. The *Coles* court determined that "[p]lacing more burdensome requirements on restoration of eligibility for an office created by the legislature is an arbitrary classification and does not rationally further any legitimate State interest." *Id.* at 386. In reaching that decision, however, the court specifically noted that the State's Attorney argued generally that the subject was within the province of the legislature and did not suggest a rational basis to support the differing classifications. *Id.*

¶ 18     Subsequently, in *Hofer* over 25 years later, the Fifth District addressed this same equal protection question when it examined section 3.1-10-5(b) of the Illinois Municipal Code (65 ILCS 5/3.1-10-5(b) (West 2002)). *Hofer*, 363 Ill. App. 3d at 723 ("[a] person is not eligible for an elective municipal office if that person *** has been convicted in any court located in the United States of any infamous crime, bribery, perjury, or other felony" (internal quotation marks omitted)). After reviewing the *Coles* decision and the bases therefor, the *Hofer* court determined that *Coles* was distinguishable because the State's Attorney in *Hofer* explained that

"the legislative scheme was rationally related to the legitimate state interest in maintaining the public trust in local elective offices." *Id.* at 724. Thus, the *Hofer* court held that a rational basis existed for the treatment as the public is more likely to scrutinize candidates for constitutional offices. *Id.* The court noted that since

> "elected officials make important fiscal and policy decisions which directly impact the residents of the municipality[,] *** the legislature's decision to require a convicted felon to present some evidence of rehabilitation beyond the mere service of his sentence in order to regain his eligibility to hold a municipal office is a reasonable means to further the State's interest in safeguarding the integrity of and the public trust in municipal government." *Id.*

Therefore, this appellate court found a rational basis for the disparity in eligibility requirements.

¶ 19    In the case *sub judice*, we see no reason why the legislatively created office of a school board member should be given any differential treatment from a municipal office. See *Delgado v. Board of Election Commissioners*, 224 Ill. 2d 481, 487-88 (2007) (where the supreme court reviewed the *Hofer* case and applied its holding and reasoning). The same policy concerns apply to school board members. After all, they shape school policy and make financial decisions for the education of our state's youth. There is clearly a rational basis for this disparity and defendant's equal protection claim fails.

¶ 20    Defendant further fails to establish that his equal protection rights were violated by plaintiff's selective prosecution. Selective prosecution requires that the defendant establish that (1) he was singled out for prosecution while other violators similarly situated were not prosecuted; and (2) the decision to prosecute was based on an arbitrary classification, such as race, religion or the exercise of constitutional rights. *People v. Fields*, 322 Ill. App. 3d 1029, 1032 (2001). Here, defendant fails to set forth facts to demonstrate that plaintiff singled him out when she filed the *quo warranto* action. Defendant's reliance on one electoral case in which plaintiff, as an electoral board member and not as the complaining party, allowed a candidate with prior felony convictions to be on the ballot for a township's trustee of schools is not in and of itself enough to establish selective prosecution. See Glaser v. Luster, 13 COEB SD 01 (Cir. Ct. Cook County). Defendant provides us with no additional facts or instances and fails to establish that there was any arbitrary classification. See *City of Chicago v. Unit One Corp.*, 218 Ill. App. 3d 242, 248 (1991) ("[t]o invoke the claim of selective prosecution, the complaining party must prove that the selection was based on some invidious classification"). Thus, we need not consider this matter further.

¶ 21    Furthermore, the record before us fails to establish that the trial court abused its discretion and violated defendant's due process rights by limiting discovery. In fact, after defendant filed his cross-motion for summary judgment and his counsel's Rule 191(b) affidavit (Ill. S. Ct. R. 191(b) (eff. Jan. 4, 2013)), the trial allowed a hearing on the cross-motions. After the hearing, the trial court determined that there was no issue of material fact and we find nothing in the record suggesting the court ruled improperly on summary judgment at that time. Accordingly, the trial court did not abuse its discretion and violate defendant's due process rights. See *Fidelity & Casualty Co. of New York v. Mobay Chemical Corp.*, 252 Ill. App. 3d 992, 1001 (1992) (a trial court has broad discretionary powers relative to discovery matters, orders restricting discovery will only be reversed as an abuse of discretion when such rulings prevent the ascertainment of truth or substantially affect an issue in a case).

¶ 22 Finally, although we note that defendant's criminal conviction has been expunged in Indiana, it is immaterial to our review of the trial court's order before us. The expungement was not in existence at the time the trial court issued its ruling and, thus, has no bearing on whether the trial court committed error in granting plaintiff summary judgment. Therefore, we will not consider whether defendant is now eligible to seek legislatively elected office in the future.

¶ 23                                             CONCLUSION
¶ 24 Based on the foregoing, we affirm the judgment of the circuit court of Cook County.

¶ 25 Affirmed.