# Illinois Official Reports

## Appellate Court

*Williams v. Cook County Officers Electoral Board*, 2015 IL App (1st) 150568

| | |
|---|---|
| Appellate Court Caption | KENNETH J. WILLIAMS, Petitioner-Appellant, v. COOK COUNTY OFFICERS ELECTORAL BOARD, ANITA ALVAREZ, in Her Capacity as Electoral Board Member, DAVID ORR, in His Capacity as Electoral Board Member and Cook County Clerk, DOROTHY BROWN, in Her Capacity as an Electoral Board Member, ARTHUR MINGO III, TOYAS RUDOLPH and RAYMOND BANKS, Respondents-Appellees. |
| District & No. | First District, Third Division<br>Docket No. 1-15-0568 |
| Filed | May 13, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2015-COEL-023; the Hon. Paul Karkula, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Andrew Finko, of Andrew Finko, P.C., of Chicago, for appellant.<br><br>James A. Petrungaro and Adam Dauksas, both of Scariano, Himes & Petrarca, Chtrd., and Steven M. Laduzinsky and Aisling S. O'Laorie, both of Laduzinsky & Associates, P.C., both of Chicago, for appellees. |

| Panel | JUSTICE LAVIN delivered the judgment of the court, with opinion. Presiding Justice Pucinski and Justice Hyman concurred in the judgment and opinion. |
|---|---|

**OPINION**

¶ 1    This appeal arises from the trial court's order denying petitioner Kenneth Williams' petition for judicial review. On appeal, petitioner first contends that he is statutorily qualified to seek and hold public office under the Election Code (10 ILCS 5/1-1 *et seq.* (West 2012)) and School Code (105 ILCS 5/1-1 *et seq.* (West 2012)). Petitioner also contends that respondent, the Cook County Officers Electoral Board (Electoral Board), prematurely removed petitioner's name from the ballot because he still had time to be pardoned before the election. Petitioner next contends that the hearing officer and Electoral Board exceeded their authority by amending and expanding the three objections, comingling arguments, going beyond the scope of the legal question at issue, and failing to conduct an evidentiary hearing. In addition, petitioner contends that the Electoral Board failed to undergo a choice of law analysis and properly apply Indiana law governing the expungement of Indiana convictions. Finally, petitioner contends his due process rights were violated by Anita Alvarez's participation in the Electoral Board process. We affirm.

¶ 2    BACKGROUND

¶ 3    In April 2009, petitioner was elected to the Board of Education for Thornton Township High School District 205 (Board) and was subsequently reelected in April 2012, attaining the position of Board president. Prior to petitioner's reelection to the Board, Anita Alvarez, in her capacity as Cook County State's Attorney, filed a *quo warranto* action, pursuant to section 18-101 of the Code of Civil Procedure (735 ILCS 5/18-101 (West 2012)), against petitioner alleging that a prior conviction (a 1985 Indiana felony forgery conviction on an accountability theory for which he served five years) constituted an infamous crime under section 29-15 of the Election Code (10 ILCS 5/29-15 (West 2012)), rendering him ineligible to hold the office of a school board member. See Ind. Code Ann. §§ 35-41-2-4, 35-43-5-2 (West 1984). After oral argument, the trial court determined that petitioner's conviction was applicable in Illinois and he was statutorily ineligible to hold the office of a school board member under the Election Code (10 ILCS 5/1-1 *et seq.* (West 2012)) and School Code (105 ILCS 5/1-1 *et seq.* (West 2012)). Approximately four months later, the State of Indiana granted petitioner an expungement of his criminal conviction. See Ind. Code Ann. § 35-38-9-10 (West 2012). Thereafter, we affirmed the trial court without considering whether petitioner was eligible to seek legislatively elected office in the future. See *Alvarez v. Williams*, 2014 IL App (1st) 133443.

¶ 4    Subsequently, petitioner filed nomination papers to be appointed to fill a vacancy on the Board. Three objections were filed against petitioner (No. 14-COEB-SD20, No. 14-COEB-SD64, No. 14-COEB-SD55) asserting that his prior felony conviction rendered him ineligible to hold office, and thus, he filed a false statement of candidacy. On January 8, 2015, a hearing was held and the hearing officer determined that petitioner was ineligible to hold the

office of a school board member. The hearing officer observed that petitioner "provided nothing to support his contention that the expungement of an Indiana felony by an Indiana court [had] the same legal effect as a pardon from the Governor." The Electoral Board then issued a written decision adopting the hearing officer's report and ordered that petitioner's name be removed from the ballot for the April 7, 2015, consolidated election. On February 2, 2015, petitioner filed a petition for judicial review with the circuit court, which was denied. Petitioner then filed this timely notice of appeal.

¶ 5                                                     ANALYSIS

¶ 6        Petitioner contends that the Electoral Board erred by removing his name from the ballot because he was eligible to hold the office of a school board member. On appeal, we are required to review the Board's, rather than the circuit court's, decision. *Samuelson v. Cook County Officers Electoral Board*, 2012 IL App (1st) 120581, ¶ 11. The Board's findings of fact are deemed *prima facie* true and correct and will not be overturned unless they are against the manifest weight of the evidence; its findings of law are not binding on this court and will be reviewed *de novo*. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 210-11 (2008). The issue before us turns on the interpretation of a statute; therefore it is a question of law subject to *de novo* review. *Lockhart v. Cook County Officers Electoral Board*, 328 Ill. App. 3d 838, 841 (2002).

¶ 7        Initially, we note that petitioner's brief suffers from several deficiencies and fails to comply with the requirements of Illinois Supreme Court Rule 341(h)(6) and (7) (eff. Feb. 6, 2013). Specifically, petitioner's statement of facts and argument fail to appropriately reference to the pages of the record on appeal to support petitioner's contentions. See *First National Bank of LaGrange v. Lowrey*, 375 Ill. App. 3d 181, 208 (2007). This court is entitled to clearly defined issues, cohesive legal arguments and citations to relevant authority. *County Mutual Insurance Co. v. Styck's Body Shop, Inc.*, 396 Ill. App. 3d 241, 254-55 (2009). Despite this deficiency, we elect to proceed to address all such contentions on appeal. See *TruServ Corp. v. Ernst & Young LLP*, 376 Ill. App. 3d 218, 227 (2007).

¶ 8        Setting forfeiture aside, petitioner first contends that he is statutorily qualified to seek and hold public office under the Election Code (10 ILCS 5/1-1 *et seq.* (West 2012)) and School Code (105 ILCS 5/1-1 *et seq.* (West 2012)). We find this contention disingenuous. In *Alvarez v. Williams*, 2014 IL App (1st) 133443, we determined that petitioner's prior conviction for aiding and abetting a forgery constituted an infamous crime, which made him ineligible to hold the office of a school board member. Specifically, the provisions at issue in the Election Code (10 ILCS 5/25-2(5) (West 2012)) and School Code (105 ILCS 5/10-11(5) (West 2012)), established an intent by the legislature to prevent individuals convicted of infamous crimes from holding offices of honor, trust and profit without an official pardon or restoration of rights. *Williams*, 2014 IL App (1st) 133443, ¶ 10. Thus, although petitioner claims that the State Board of Elections' Candidate's Guide did not warn against an infamous crime prohibition, given our prior ruling, petitioner was well versed in the eligibility requirements.

¶ 9        In addition, we previously determined that through the application of the common criminal design rule petitioner's conviction for aiding, inducing, or causing the offense of forgery was considered an infamous crime under section 124-1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1983, ch. 38, ¶ 124-1 (repealed by Pub. Act 84-1047, § 2 (eff. July 1, 1986))); *Williams*, 2014 IL App (1st) 133443, ¶ 13. Furthermore, we discussed in great length that section 29-15

of the Election Code (10 ILCS 5/29-15 (West 2012)) did not violate petitioner's equal protection rights under the 14th amendment of the United States Constitution (U.S. Const., amend. XIV) because there was a rational basis for the eligibility requirements. *Williams*, 2014 IL App (1st) 133443, ¶¶ 16-19. Accordingly, petitioner is statutorily ineligible to hold office and cites no compelling new authority to support any of his statutory contentions. Thus, we need not consider this matter further. See Ill. S. Ct. R. 341(h) (eff. Feb. 6, 2013) (an appellant's brief shall contain the contentions of the appellant and the reasons therefor with citation to authority).

¶ 10    Petitioner also contends that it was premature for the Electoral Board to remove his name from the ballot because he still had time to be pardoned before the election. Under Illinois law, however, a candidate must be eligible at the time his nomination papers are filed or he is unable to run for office. See *Cinkus*, 228 Ill. 2d at 219 (the supreme court concluded that "when a candidate submits his or her nomination papers to run for office, the candidate swears that he or she is–not will be–qualified for the office sought"). As we already established above, petitioner was ineligible to serve as a school board member at the time he filed his nomination papers and the Electoral Board properly removed his name from the ballot.

¶ 11    We also reject petitioner's contention that the hearing officer and Electoral Board exceeded their authority by amending and expanding the three objections, commingling arguments, going beyond the scope of the legal question at issue, and failing to conduct an evidentiary hearing. Under section 10-8 of the Election Code:

"The objector's petition shall give the objector's name and residence address, and shall state fully the nature of the objections to the certificate of nomination or nomination papers or petitions in question, and shall state the interest of the objector and shall state what relief is requested of the electoral board." 10 ILCS 5/10-8 (West 2012).

Contrary to petitioner's contention, all three petitions were legally sufficient. The petitions all specifically stated that under section 29-15 of the Election Code (10 ILCS 5/29-15 (West 2012)), petitioner was ineligible to serve as a school board member due to his 1985 Indiana felony conviction for an infamous crime. Further, the hearing officer did not commingle arguments and expand evidence. The record suggests that the hearing officer considered all three objections as three separate entities and did not go beyond the legal scope of the question at issue and petitioner's brief fails to point to any evidence to suggest otherwise. The Electoral Board also did not err in failing to conduct an evidentiary hearing because petitioner's argument related to a question of law not a factual dispute. At the hearing, petitioner's counsel even acknowledged that the dispute turned on the interpretation of law; thus, it is insincere to suggest petitioner was denied a meaningful opportunity to confront witnesses, cross-examine such evidence and be heard. See *Solomon v. Scholefield*, 2015 IL App (1st) 150685, ¶ 15 ("[p]ure questions of law, including questions of statutory interpretation, are reviewed *de novo*" (internal quotation marks omitted)).

¶ 12    Petitioner next contends that the Electoral Board failed to undergo a choice of law analysis and properly apply Indiana law governing the expungement of Indiana convictions. A choice-of-law determination is required only when a difference in law will make a difference in the outcome. *Townsend v. Sears Roebuck & Co.*, 227 Ill. 2d 147, 155 (2007). Subject to constitutional limitations, the forum court applies the choice of law rules of its own state. *Id.* Illinois courts employ the Restatement (Second) of Conflict of Laws to resolve choice of law

questions. *Bank of America National Ass'n v. Bassman FBT, L.L.C.*, 2012 IL App (2d) 110729, ¶ 9. Generally, the object is to apply the law of the state with the most significant relationship to the issue. *Gregory v. Beazer East*, 384 Ill. App. 3d 178, 196-97 (2008).

¶ 13    Here, petitioner is seeking to hold elected office in the State of Illinois, which obviously has the most significant relationship to the issue of determining qualifications of its elected officials. Furthermore, petitioner's brief provides no choice of law analysis, nor any evidence that the expungement of an Indiana felony conviction by an Indiana court has the same legal effect as a pardon from the Governor of Illinois, and we will not address this matter further. See Ill. S. Ct. R. 341(h) (eff. Feb. 6, 2013).

¶ 14    Petitioner finally contends that his due process rights were violated by Anita Alvarez's participation in the Electoral Board process. While it is true that section 10-9(6) of the Election Code (10 ILCS 5/10-9(6) (West 2012)) allows for a substitution of a board member in the event of a conflict, petitioner failed to object to Alvarez sitting on the Electoral Board before the start of proceedings, and thus, petitioner has forfeited this contention on appeal. See *Pesoli v. Department of Employment Security*, 2012 IL App (1st) 111835, ¶ 23 ("[i]t is well settled that if an argument, issue, or defense is not presented in an administrative hearing, it is procedurally defaulted and may not be raised for the first time on administrative review").

¶ 15                                    CONCLUSION
¶ 16    Based on the foregoing, we affirm the judgment of the circuit court of Cook County.

¶ 17    Affirmed.